IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. HERRERA,

   Movant,

vs.           No. CV 20-00665 KG/GBW
             No. CR 14-04115 KG

UNITED STATES OF AMERICA,

   Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Movant, Anthony J. Herrera (CV Doc. 1; CR Doc. 41) ("Motion").  The Court will dismiss the Motion and deny a certificate of appealability.

Factual and Procedural Background

Movant Anthony J. Herrera was charged with being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1).  (CR Doc. 2).  Movant Herrera pled guilty to the charge without a plea agreement.  (CR Doc. 37).  Herrera was sentenced and judgment was entered on December 17, 2015.  (CR Doc. 40).  Movant Herrera did not appeal from the Judgment entered December 17, 2015.  Herrera's § 2255 Motion was not filed until July 7, 2020, more than four years after the Judgment became final. (CR Doc. 40).

On July 16, 2020, the Court entered an Order to Show Cause.  (CV Doc. 3).  In the Order to Show Cause, the Court notified Herrera that his § 2255 claims appeared to be barred by the one-year statute of limitations.  (CV Doc. 3 at 1).  The Court also granted Herrera the opportunity to

present any grounds he has for tolling of the statute of limitations.  (CV Doc. 3 at 3).  Herrera did

not respond to the Order to Show Cause and has not communicated with the Court since he filed

his Motion on July 7, 2020.

Herrera's Claims are Barred by the Statute of Limitations

Herrera seeks collateral review of his sentence under 28 U.S.C. § 2255.  Section 2255

provides:

> A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence.

28 U.S.C. § 2255(a).  Claims for collateral review under § 2255 are governed by a 1-year statute

of limitations.  Section 2255(f) sets out the statute of limitations governing motions for collateral

review of convictions and sentences:

> A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes
> > final;
> > (2) the date on which the impediment to making a motion
> > created by governmental action in violation of the
> > Constitution or laws of the United States is removed,
> > if the movant was prevented from making a motion by such
> > governmental action;
> > (3) the date on which the right asserted was initially recognized
> > by the Supreme Court, if that right has been newly recognized
> > by the Supreme Court and made retroactively applicable to cases
> > on collateral review; or
> > (4) the date on which the facts supporting the claim or claims
> > presented could have been discovered through the exercise of
> > due diligence.

28 U.S.C. § 2255(f).  Because he requests § 2255 relief more than one year after his sentencing, Herrera seeks collateral review in reliance on a right newly recognized by the Supreme Court in *Rehaif v. United States,* 139 S.Ct. 2191 (2019).  See 28 U.S.C. § 2255(f)(3). (CV Doc. 1 at 11; CR Doc. 41 at 11).

Herrera claims that *Rehaif* is retroactively applicable on collateral review.  (CV Doc. 1 at 11; CR Doc. 41 at 11).  However, the majority of courts have held that *Rehaif* is not retroactively applicable for purposes of collateral review.  *See, e.g., In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019); *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D. N.C. 2019); *Moore v. United States*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. United States*, 2020 WL 415895 (S.D. Ohio 2020); *Clay v. United States*, 2019 WL 6842005, at *3 (E.D. Mo. 2019); *United States v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *United States v. Grigsby*, 2019 WL 3302322, at *1 (D. Kan. 2019); *United States v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020); *In re Sampson*, 954 F.3d 159 (3rd Cir. 2020); *Khamisi-El v. United States,* 800 F. App'x 344 (6th Cir. 2020); *Barela v. United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020).  Herrera's judgment of conviction became final in 2015.  Because *Rehaif* is not retroactively applicable on collateral review, the one-year statute of limitations on Herrera's § 2255 claim began running in 2015 and expired one year later.

The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  An inmate bears a heavy burden to

show specific facts to support his claim of extraordinary circumstances and due diligence. *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008); *see also, Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998); *United States v. Martinez,* 303 F. App'x 590, 596 (10th Cir. 2008). Further, circuit precedent is clear that courts should use equitable tolling sparingly. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). The Tenth Circuit has consistently found equitable tolling not appropriate absent truly extraordinary circumstances. *See Garza v. Kansas,* 449 F. App'x 734 (10th Cir.2011) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain his multiple-year delay in seeking federal relief).

Although given the opportunity to do so, other than *Rehaif*, Herrera does not present any basis to alter or toll the running of the one-year limitation period of § 2255(f). *See United States v. Terrones-Lopez*, 447 F. App'x 882, 884-85 (10th Cir. 2011). Herrera has not made any showing that the limitation period should run from a different date or that extraordinary circumstances exist to toll the running of the statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000). Herrera's § 2255 motion was not filed until July 7, 2020, four years after the statute of limitations expired, barring him from challenging his original conviction. Because *Rehaif* is not retroactively applicable, Herrera's § 2255 motion is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). Therefore, the Court will dismiss Movant Herrera's § 2255 Motion as untimely. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Herrera has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

    IT IS ORDERED that Movant Anthony J. Herrera's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence (CV Doc. 1; CR Doc. 41) is DISMISSED as untimely under § 2255(f), and a certificate of appealability is DENIED.


_____
UNITED STATES DISTRICT JUDGE